Ruffis, 0. J.
The Court is of opinion, that the instructions to the .jury were right. There is no pretence, that the material allegations of violence or threats of violence by the husband to the wife are true, dr that she was compelled to leave his house, through fear of him. The remaining allegations of specific facts are, that the husband used the opprobious language to the wife, charging her with unchastity, as set out in the libel and the issues. There is no evidence to'the fact of any altercation between the parties, or improper language used by the one to the other. The only evidence is that of a subsequent conversation between the husband and the near relations of the wife, in which he makes admissions, that some things had passed between them, which were calculated to produce in her mind an impression, that he harbored suspicions of her regard for a former suitor, and, perhaps, had not entire confidence in her previous purity of mind and prudence. But, although the father, with, perhaps, an excusable tenderness for his daughter’s honor, says he could understand, from his conduct, nothing less than that the defendant had accused his wife of incontinence, yet that is stated, merely as a matter of inference from the impressions, which the wife’s communications to him, of her associations with a dissolute man, had made on him with respect to her sympathies with that person, and her prudence, as a discreet and modest maiden, in indulging and exhibiting those sympathies, in the manner she did. It does not appear, that the defendant ever admitted, that, either in her presence or elsewhere he applied to the wife the very gross epithet of “ whore,” or imputed the actual guilt of criminal conversation ; and he swears positively that he never did under any circumstances, nor did he entertain such a belief. Even upon the hypothesis, that such an occurrence between husband and wife, as that supposed, would justify her in leaving him without ex *492 planation or notice, and would entitle her thereafter to a decree for separation and maintenance — a point we do not decide — yet the evidence, here offered, established no such case, and could not authorize the jury to find it.
The Court likewise concurs in the opinion, that an issue ought not to have been raised, in the general form of an enquiry “ whether such indignities to her person as rendered her life burthensome” had been offered to the wife by the husband. It is for the Court to judge, what are “such indignities.” The statute requires “ that the material facts charged” in the bill shall be submitted to the jury; and it is their whole office to respond as to them. It is clear, that a divorce could not be granted upon a libel, which chai’ged only, that the husband offered such indignities to the wife’s person as to render her condition intolerable or life burdensome, without alleging any overt act of indignity. It is therefore a finding of facts, which constitutes indignities, legally speaking, which alone can entitle the plaintiff to a decree: otherwise there always would be a surprize on the defendant.
Per Curiam. Decree affirmed.